The STATE of Oklahoma, Appellant,

v.

Matthew E. THREAT and John M. West, Appellees.

No. O-76-729.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1977.

Earl E. Goerke, Dist. Atty., E. Evans Chambers, III, Asst. Dist. Atty., Garfield County, for appellant.

Dennis L. Pope of Pope & Thomas and Norman L. Grey of Ford, Grey & Harvey, Enid, for appellees.

## OPINION

BUSSEY, Judge:

This is an appeal from the ruling of the District Court, Garfield County, Case No. CRF–76–661, entered by Assigned Judge Eph Monroe, sustaining the ruling of the Magistrate suppressing evidence. The ruling of the District Court sought to be challenged under Rule 6 of this Court, arose from the following circumstances.

Officer James Jacobs testified that on June 2, 1976, he was dispatched to the scene of a collision between a pickup truck and an automobile operated by Matthew E. Threat in Enid, Oklahoma. Upon arriving at the scene, Officer Jacobs observed Threat and John M. West, standing outside a 1972 Buick, the windows and doors of which were closed. Both vehicles involved in the accident had been driven to a parking lot by their drivers before the police arrived. Officer Jacobs opened the door to inspect the vehicle identification number and while inside the vehicle observed, in plain view, what appeared to be a marijuana cigarette on the dash and a pipe with recently burned residue inside, and smelled the odor of burnt marijuana. He then conferred with his companion, Officer Buzz Young, who informed him that he had observed West place something in his sock which appeared to be a baggie of green leafy substance resembling marijuana. The officers then seized the hand-rolled cigarette and pipe from the car and subsequently placed both individuals under arrest. Threat and West were then transported to the jail. Later that same afternoon, the officers executed an affidavit, based on the hand-rolled cigarette and pipe seized from the 1972 Buick and a search warrant for the 1972 Buick was issued therefor. The search warrant was executed and as a result thereof, seven baggies, later identified as marijuana, were seized from the trunk.

Judge Monroe's ruling sustaining the Magistrate's ruling on the Motion to Suppress the admission of the hand-rolled cigarette and the pipe containing residue, was premised on the following facts:

(1) All parties connected with the accident were outside the vehicle when the officers arrived at the scene;

(2) The vehicle identification number of the 1972 Buick was clearly visible through the windshield from the outside and, indeed, had been placed there on all models of that make in order that they could be viewed without entering the vehicle.

 The only apparent explanation for Officer Jacobs' entering the vehicle was to secure the vehicle identification number. This was completely unnecessary. Officer Jacobs had no reason to believe there was marijuana within the vehicle by the exercise of any of his senses prior to entering the automobile. We must, therefore affirm the District Judge's ruling that the search of Threat's vehicle and the seizure therefrom of the hand-rolled cigarette and the pipe containing residue, not incident to a lawful arrest nor under authority of a search warrant nor under an exigent circumstance based on probable cause, was an illegal search and seizure.

 This leads us to a consideration of whether the District Judge's ruling sustaining the Motion to Suppress the seven baggies of marijuana seized from the trunk of the 1972 Buick, under authority of the search warrant issued on an affidavit predicated on the earlier unlawful search and

seizure, was a proper one. Clearly, the District Judge's sustaining the Magistrate's ruling was correct. See, *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

For all of the above and foregoing reasons, the Order of the District Judge affirming the Magistrate's Order sustaining the Motion to Suppress, is accordingly, *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.